UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**FILED**
JAMES J. WALDRON, CLERK

**FEB. 13, 2008**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**NOT FOR PUBLICATION**

February 13, 2008

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Ralph A. Ferro, Jr., Esq.
31 East Ridgewood Avenue
Ridgewood, New Jersey 07450
*Counsel for Debtor Arlindo Nogueira*

Douglas J. McDonough, Esq.
Staff Attorney for Marie-Ann Greenberg, Chapter 13 Standing Trustee
30 Two Bridges Road
Suite 230
Fairfield, New Jersey 07004-1550

**Re:   In re Arlindo Nogueira**
      **07-12179 (DHS)**

Dear Counsel:

On August 3, 2007, Debtor Arlindo Nogueira filed a Motion for Business Case Classification in which he argues that his debts owed to the Internal Revenue Service are all for the years he operated his courier business. The Standing Chapter 13 Trustee opposes Debtor's Motion and argues that Official Form B22C must be filed in all Chapter 13 cases.

Page 2
February 13, 2008

In opposition, the Standing Chapter 13 Trustee relies upon the statutory language of Interim Rule 1007(b)(6) and Rule 1007(b)(4). Under Rule 1007(b)(6), a Chapter 13 debtor must file a statement of current monthly income in accordance with the Official Form. By contrast, under Rule 1007(b)(4), an individual Chapter 7 debtor with "primarily consumer debt" must file a statement of current monthly income. The Trustee highlights this intentional inclusion of the phrase "primarily consumer debt," arguing Congress specifically included such limitation in Rule 1007(b)(4) and a similar intention was not evidenced by Rule 1007(b)(6)'s language. The Trustee also compares Section 707(b)(1) to Section 1325(b)(3) which does not include the phrase "primarily consumer debts."

The Third Circuit espouses the governing principle of statutory interpretation where the language of the Bankruptcy Code's provisions and rules are afforded their plain meaning. *In re Rowland*, 275 B.R. 209, 215 (Bankr. E.D. Pa. 2002); *see United States v. Fegeley (In re Fegeley)*, 118 F.3d 979, 983 (3d Cir. 1997). When the language is clear and unambiguous, the Court's role is to enforce the provisions according to its terms. *In re Armstrong World Indus.*, 2005 U.S. Dist. LEXIS 2810, at *30 (D. Del. February 23, 2005) (citing *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989)).

Interim Rule 1007(b)(6) expressly provides: "A debtor in a chapter 13 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form. . . ." FED. BANKR. R. P. 1007(b)(6) (Interim Rule). Interim Rule 1007(b)(6) is clear in its requirement that a Chapter 13 debtor must file a statement of current monthly income using the Official Form. There is no ambiguity in the rule's language, thus, the Court will enforce Rule 1007(b)(6) in accordance with its terms.

In the instant matter, while the Debtor argues that his debts are primarily business related, the Debtor filed for Chapter 13 protection, not Chapter 7 for which Interim Rule 1007(b)(4) requires such statement when the debts are "primarily consumer debts." FED. BANKR. R. P. 1007(b)(4) (Interim Rule). The Debtor must comply with Interim Rule 1007(b)(6) when filing a Chapter 13 case, thus, the Debtor's motion for business case classification is hereby denied and the Debtor is directed to file Official Form B22C by February 25, 2008.

An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

/s/ *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure